IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY PITTMAN and AL DEMEKE, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3174 |
| | § | |
| GENERAL NUTRITION CORP., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this employment discrimination case is "Plaintiffs' Motion for Leave to Reopen Discovery Limited Solely to Defendant's Performance Key Indicators" ("Motion for Leave") [Doc. # 88], to which Defendant General Nutrition Corporation ("GNC") has filed a response in opposition [Doc. # 89] and Plaintiffs have filed a reply [Doc. # 91]. Also pending in this case is GNC's Motion to Strike Ken Kirksey as an Expert [Doc. # 85] ("Motion to Strike"), to which Plaintiffs have filed their response in opposition [Doc. # 87]. Having considered the parties' submissions, all matters of record, and the applicable legal authorities, the Court concludes that Plaintiffs' Motion for Leave should be **granted** and that GNC's Motion to Strike should be **granted**.

### I.    PLAINTIFFS' MOTION FOR LEAVE

Plaintiffs have moved for leave to conduct limited discovery on questions that

have arisen regarding the veracity and reliability of certain documents produced recently by GNC known as Key Performance Indicators ("Produced Indicator Documents"). These documents rank Plaintiffs' respective performances as GNC managers against other GNC managers in certain categories (including sales and profit margins) for the years ending 2002, 2003, and 2004. Plaintiffs contend that the current issues arose very recently and relate to the Produced Indicator Documents. Plaintiff Al Demeke contends, based on his personal recollection, that the Produced Indicator Documents do not accurately reflect the Key Performance Indicator results that were utilized to review his performance while employed by GNC. Plaintiff Tony Pittman states that he located copies of the Key Performance Indicator results GNC gave him while employed, which were used to evaluate his job performance from 2002 to 2004. He points to discrepancies between copies of the Key Performance Indicator reports in his possession and those on the Produced Indicator Documents. Plaintiffs question whether the Produced Indicator Documents reflect numbers recreated by GNC after the fact (indeed, very recently) or are hard copies of Key Performance Indicator results and documents belatedly found in GNC's files. Plaintiffs are concerned that GNC has created the Produced Indicator Documents to cast each of Plaintiff's job performance results in a negative and false light. GNC maintains the discrepancies noted by Pittman arise because the Produced Indicator Documents show results for a full year at "year-

end" while the Key Performance Indicator documents Pittman now has produced from his own records cover only an interim period. GNC explains that it provided Key Performance Indicator results to employees on a monthly interim basis, but the company retained only year-end Key Performance Indicator results.

The Court concludes that further discovery limited specifically to the Produced Indicator Documents and the Key Performance Indicator documents in Pittman's possession is relevant and necessary. The Court will therefore permit the parties to conduct focused additional discovery concerning the Produced Indicator Documents and, if GNC desires, Pittman's locating of his copies of his Key Performance Indicator results. The deadline for this additional discovery is July 31, 2006.

## II.   GNC'S MOTION TO STRIKE

This case was filed August 9, 2004. The Court, on January 21, 2005, in consultation with the parties' counsel at the initial pretrial conference in this case set June 10, 2005 as the date for Plaintiffs to designate their expert witnesses and produce to Defendant the experts' reports in accordance with the Federal Rules of Civil Procedure. After two interim extensions, on December 9, 2005, the Court set a January 31, 2006, deadline for Plaintiffs' expert reports and designations. *See* Doc. # 69; *see also* Docs. # 59, # 65. Plaintiffs designated and filed the expert report of Richard Adams on January 31, 2006. Plaintiffs designated Adams as an expert on

human resources to "testify to his reviews and conclusion as to whether plaintiffs' [*sic*] were discriminated and/or retaliated against by defendant, and what financial and economic losses that plaintiffs' [*sic*] sustained as a result of such discrimination." *See* Doc. # 70, at 1.

At a hearing on March 28, 2006, the Court issued an Amended Scheduling Order, *see* Doc. # 78, which extended Plaintiffs' expert report deadline to May 2, 2006, extended GNC's expert report deadline to May 30, 2006, and set June 12, 2006 as the deadline for Plaintiffs to file any rebuttal reports from existing experts. This rebuttal opinion deadline was set after discussion with counsel at the discovery hearing. The deadline was memorialized as "Plaintiff's [*sic*] rebuttal reports of existing experts" in the Court's Hearing Minutes and Order. *Id.* at 2.

Plaintiffs did not designate any additional experts before the May 2 deadline. GNC designated several experts and filed their reports on May 30, 2006. *See* Docs. # 79, # 80.

On June 12, 2006, Plaintiffs designated and filed an expert report of Ken Kirksey. *See* Doc. # 81. Plaintiffs state Kirksey "will testify regarding plaintiff Tony Pittman's economic occupational damages, rehabilitation and employability efforts, and will provide rebuttal testimony concerning defendant's expert testimony." *Id.*, at 1.

GNC moves to strike Kirksey as an expert, contending that his June 12

designation is untimely because he is a new expert and he was designated and his report was filed after the May 2 deadline. Plaintiffs maintain they designated Kirksey as an expert to rebut testimony of GNC's expert Wallace Stanhill regarding the mitigation of Plaintiff Tony Pittman's damages. Plaintiffs argue that, since Kirksey only is offered as an expert to rebut GNC's existing expert Stanhill's report, the designation of Kirksey is timely under the Amended Scheduling Order's June 12 deadline. Plaintiffs' argument is rejected. Plaintiffs' contention is belied by the language used by the Court in creating the deadline itself. The Court stated in writing in its Hearing Minutes and Order that "Plaintiff's [*sic*] rebuttal reports ***of existing*** experts due June 12, 2006." *See* Doc. # 78, at 2 (emphasis added).

Plaintiffs' contention is also contradicted by the Court's admonishment at the March 2006 hearing when the deadline was established. At the hearing, the Court clearly specified the import of the June 12 deadline in the following exchange with one of Plaintiffs' attorneys, Mr. Valentine Nnebe:

> THE COURT: Does the Plaintiff intend to have its expert make comments about the defense's expert report?
>
> MR. NNEBE: Yes, your Honor, we intend to do that.
>
> THE COURT: Okay then. I am going to give you a date of . . . June 12th. That's for rebuttal reports of existing experts by the Plaintiff. . . . ***No new experts***, just any rebuttal opinions that that expert intends to offer

about the Defendant's expert's comments.[1]

The June 12 deadline, therefore, allowed Plaintiffs to submit new opinions from their previously designated experts to rebut GNC's expert's opinions.

There is no unfairness in this ruling. In virtually every case, a plaintiff must provide expert reports prior to a defendant designating experts and providing reports. As a practical matter, mitigation is an issue in every case in which a plaintiff seeks damages for loss of employment income, as well as in most other cases in which damages are sought. The Court gave Plaintiffs additional time in March 2006 to designate new experts they thought necessary in light of the extensive discovery that had taken place to date. They did not avail themselves of this opportunity.

Nothing in the record supports Plaintiffs' argument that the June 12 deadline allowed Plaintiffs to designate *new* experts to rebut GNC's expert's opinions and reports. Plaintiffs' designation of Kirksey as an expert on June 12 was therefore untimely.

The Court next must consider whether Plaintiffs are entitled to an amendment of the scheduling order at this juncture.[2] Leave to amend after expiration of the deadlines

---

[1]  Quoted from digital recording of discovery conference held on the record in open court on March 28, 2006 (emphasis added).

[2]  The Court liberally construes Plaintiffs' pleadings to include this implicit request.

set in a court's scheduling order is guided by Rule 16 of the Federal Rules of Civil Procedure. "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.' The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990))).

The Fifth Circuit has explained: "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 546 (citing *S & W Enters.*, 315 F.3d at 535).

Plaintiffs have not even attempted to show good cause for their failure to timely designate Kirksey as an expert by the governing deadline. The Court therefore concludes that the designation of Ken Kirksey is untimely, that there has been shown no good cause for the delay or need to amend Plaintiffs' expert designation and report

deadline, as Plaintiffs' implicitly request, and therefore Kirksey will be stricken as an expert for Plaintiffs.

## III.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Reopen is granted and Defendant's Motion to Strike is granted.  It is therefore

**ORDERED** that Plaintiffs' Motion for Leave to Reopen Discovery Limited Solely to Defendant's Performance Key Indicators [Doc. # 88] is **GRANTED**. Plaintiffs are permitted to conduct discovery limited to Defendant's Performance Key Indicators.  Defendant is permitted to conduct discovery limited to Tony Pittman's locating his copies of his Key Performance Indicator results.  The deadline for this limited discovery is July 31, 2006.  The parties are directed to file a letter with the Court regarding any disputes over the scope of this limited discovery.  It is further

**ORDERED** that Defendant's Motion to Strike Ken Kirksey as an Expert [Doc. # 85] is **GRANTED**.  The Court **STRIKES** Plaintiffs' Expert Ken Kirksey.

**SIGNED** at Houston, Texas, this **10th** day of **July, 2006.**

_____
Nancy F. Atlas
United States District Judge