# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| TONY PITTMAN and AL DEMEKE, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3174 |
| | § | |
| GENERAL NUTRITION CORP., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Defendant General Nutrition Corp. ("GNC") moves for reconsideration and clarification (the "Motion") [Doc. # 125] of several of the rulings in the Court's Memorandum and Order issued March 28, 2007 ("Summary Judgment Order") [Doc. # 123] granting in part and denying in part GNC's Motion for Summary Judgment [Doc. # 103] in this employment discrimination and retaliation case filed by Tony Pittman ("Pittman") and Al Demeke ("Demeke").[1]  The full factual and procedural history of this case is set out in the Summary Judgment Order and need not be repeated here.  GNC asks the Court to reconsider its denial of summary judgment on Pittman's claim of harassment and requests clarification of its disposition of Pittman's failure promote claim and both Plaintiffs' associational discrimination claims.  Plaintiffs have responded [Doc. # 131] and the matter is ripe for disposition. The Court has carefully considered the parties' pleadings, the applicable

---

[1]     Plaintiffs' claims were fled under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. The Court denied Plaintiffs' Motion for Summary Judgment [Doc. # 105].

authorities, and its own Summary Judgment Order. With a limited exception, GNC's Motion is **denied**.

## I.    STANDARD FOR RECONSIDERATION

GNC does not identify the procedural basis for its motion. Requests for reconsideration are controlled by Federal Rule of Civil Procedure 59(e).[2] Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III.    ANALYSIS

### A.    Reconsideration Request

One of Pittman's retaliation claims was that GNC harassed him in retaliation for his advocating for Demeke's promotion to Tom Dowd, a corporate supervisor. Pittman asserts

---

[2]    Plaintiffs argue that the Motion "is indeed a motion to add or amend findings of fact pursuant to FRCP 52(b)." Response, at 1-2. This characterization is plainly incorrect. GNC asks the Court to reconsider and clarify its ruling in the Summary Judgment Order.

that Dowd hired Darryl Green as Pittman's immediate supervisor, and that Green began harassing Pittman with early-morning phone calls, unjustified negative performance evaluations, and disciplinary memoranda.[3]   The Court held that most of the allegedly retaliatory acts were not materially adverse under *Burlington Northern and Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414-15 (2006), and were not actionable.[4]   The Court determined that there was a material issue of fact as to the impact of Pittman's negative evaluations and declining performance scores.  The Court also addressed GNC's argument that Green, who issued the writeups in question over a period of nearly a year, was unaware of Pittman's alleged advocacy for Demeke and so could not have been retaliating against Pittman for that protected activity.[5]   There was presented evidence that *Dowd* knew of Pittman's alleged advocacy and was aware of Green's supervisory authority over Pittman.  The Court held that there was an open question of fact as to whether Dowd instructed Green to give Pittman negative reviews and thus summary judgment was not warranted.[6]   *See Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002) (holding that the extent to which an apparent decisionmaker is controlled by another party is an issue of fact for jury to determine).

---

[3]   *See, i.e.,* Disciplinary Memoranda, Defendant's Motion for Summary Judgment [Doc. # 103], Exhibit K, Attachments 4-10.

[4]   *See* Summary Judgment Order, at 41-42.

[5]   *See id.,* at 42.

[6]   Summary Judgment Order, at 43-44 (Denying summary judgment because there "remain issues about what the effect of Pittman's declining performance evaluations or write-ups on his pay or otherwise, the degree of control Dowd exercised over Green's evaluations of Pittman's performance as opposed to subordinates in general, and when and why Dowd made the comment to Green about documenting Pittman's performance issues.").

GNC complains that "the Court did not consider GNC's articulated non-discriminatory reasons for the negative performance evaluations and write-ups,"[7] namely, that Pittman's negative evaluations were a result of his poor performance.[8] GNC points out that the Court did not reach the question of whether Pittman had established a genuine fact issue that GNC's articulated legitimate reason for the various poor evaluations was pretext or that Pittman met his duty to present evidence that the alleged retaliation would not have occurred but for his protected activity.[9] *See Septimus v. University of Houston*, 399 F.3d 601, 608 (5th Cir. 2005); *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004). GNC urges that Pittman failed to present the necessary evidence and that the Court therefore should reconsider its denial of summary judgment on this retaliatory harassment claim.

GNC is correct that the Court did not in its 49-page Summary Judgment Order squarely address the pretext stage of the *McDonnell-Douglas* burden-shifting approach.[10] The Court did so implicitly and here sets forth its reasoning. If a plaintiff successfully establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the allegedly retaliatory conduct. If the defendant meets this

---

[7]     Motion, at 2. GNC contends that even if all of the open questions identified by the Court were decided in Pittman's favor, Pittman would have merely established a *prima facie* case for retaliatory harassment

[8]     *Id.* at 3.

[9]     *Id.*

[10]     *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973).

burden of production, then the burden falls on the plaintiff to present evidence that raises a genuine issue of material fact that the proffered reasons are pretextual. *See Baker v. American Airlines, Inc.*, 430 F.3d 750, 754-55 (5th Cir. 2005). At this point, Plaintiff is required to show that he would not have suffered the adverse employment action "but for" the protected activity. *See Strong v. University Health Care Sys.*, 2007 WL 891148 * 3 (5th Cir. Mar. 26, 2007). A factfinder may infer the ultimate fact of retaliation if they find that Defendant's "proffered explanation is false or 'unworthy of credence.'" *Staten v. New Palace Casino, LLC*, 187 Fed. Appx. 350, 358 (5th Cir. 2006) (citing *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). "No further evidence of discriminatory animus is required because once the employer's justification has been eliminated, discrimination [or retaliation] may well be the most likely alternative explanation.'" *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000)).

The evidence of record establishes that there are questions of material fact regarding GNC's alleged non-retaliatory explanation for Pittman's poor evaluations after Green became his supervisor. Although GNC asserts that those performance issues constituted a non-retaliatory reason for the poor reviews and writeups regardless of who the decisionmaker was, there remain genuine issues of whether this explanation is true or pretextual. There is sufficient evidence in the record to raise genuine and material fact questions about whether Dowd was directly familiar with Pittman's performance in a way that he would be able to personally give or contribute to Pittman's negative reviews, what the use and meaning of the Key Performance indicators were, and when and why Dowd commented to Green to

document Pittman's performance issues (*i.e.*, was the comment part of a general policy or was Pittman singled out?).[11]  The evidence in the record cannot be assessed without a trial to determine if GNC's conduct was motivated by retaliatory animus or not.  Whether Pittman was a top performer or a deficient employee deserving of critical evaluations and write-ups, and therefore whether GNC's non-retaliatory rationale is pretextual, is a question of fact for the jury to decide.  *See Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 315 (5th Cir. 2004) (finding genuine issue of material fact where "the parties contested the quality of plaintiff's performance") (citing *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1506-07 (5th Cir. 1988)).[12]

GNC has not identified any legal or factual error in the Court's determination that summary judgment was not warranted on this element of Pittman's retaliatory harassment claim.  This ruling supplements the Summary Judgment Order.

---

[11]  Even where a defendant establishes a non-retaliatory rationale for taking an adverse employment action against the plaintiff, "the plaintiff may still avoid summary judgment if [he] demonstrates a genuine issue of material fact whether the legitimate reasons proffered by the defendant are not its true reasons, but instead are a pretext for discrimination." *Septimus*, 399 F.3d at 609.  However, a plaintiff's mere disagreement with the employer's good faith assessment of his performance cannot establish pretext. *Sandstad v. C.B. Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 325 (5th Cir. 2002).  Pittman relies on the timing of the eight negative evaluations (all in one year from December 2003 to November 2004), as compared to his lengthy prior largely blemish-free record, and his district's and his allegedly high Key Indicator scores.  The Court cannot, on summary judgment, weigh the credibility of the parties' competing explanations of these matters.

[12]  This matter will be revisited at an appropriate time at trial.  In addition, it should not be ignored that a serious question still remains whether the write-ups or negative performance evaluations were material to Pittman's employment.  Further, there is a question, as a practical matter, whether meaningful damages are recoverable from the write-ups and evaluations.

B.  **Clarification Request**

GNC also "requests clarification of this Court's ruling with regard to the remaining aspects, if any, of Pittman's failure to promote claim" and how, if at all, it relates to Pittman's associational theory.[13]  This lack of clarity stems from the prior lack of specificity of Plaintiffs' pleadings and argument in this regard.  Pittman's response to GNC's Motion and the Summary Judgment Order, however, clarify matters somewhat and the Court issues this amendment to its Summary Judgment Order.

The Court ruled that GNC did not seek summary judgment on Pittman's claim of "associational discrimination" based on GNC's denial or alleged rescission of promotion because of his association with Demeke.[14]  The Summary Judgment Order nevertheless ruled that various aspects of the associational discrimination claims were not legally viable and "dismissed [the "associational discrimination" claims] to the extent they overlap with [Pittman's] retaliation claims that are defeated by GNC's summary judgment motion."[15]  The

---

[13]     *See* Motion, at 4-5.

[14]     There is no functional difference in this case between Pittman's claims of denial of promotion and rescission of promotion. Each turn on the fact issues of whether any promotion ever was offered and whether the decision was changed because of the advocacy Pittman claims.

[15]     Summary Judgment Order, at 44-47.  First, to the extent Pittman's act of advocating for Demeke's promotion was the men's "association," the claim was held functionally equivalent to a retaliation claim. *See* Summary Judgment Order, at 45; *id.* at 36 n.84. That claim was held to be "limited by the deficiencies in Pittman's proof" on the harassment claims. *Id.* at 45. This claim is dependent, for example, on Pittman's ability to prove that he had a "reasonable belief that the employer was engaged in unlawful employment practices," in order to establish the predicate protected activity for this retaliation claim. *Id.* at 37 (citing *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 348 (5th Cir. 2007)). Second, the Court held that to the extent Pittman's protected "association" theory hinged on the existence of a relationship between Pittman and Demeke, the claim failed because there was no evidence of
(continued...)

Court did not definitively rule on any other conceivable claim based on Pittman's association with Demeke because the Court was uncertain what claims Pittman intended to assert.  In his response to GNC's Motion for clarification, Pittman explains that he seeks to claim "retaliatory rescission of promotion," citing paragraphs 14 and 15 of the Amended Complaint.[16]  This claim is substantively indistinguishable from a claim for retaliatory denial of Pittman's promotion for his advocacy of Demeke's promotion, but Pittman asserted no such claim in the Amended Complaint, and the Court declined to allow any amendment at this late date.[17]

Pittman did assert an "associational discrimination" theory in the Amended Complaint.[18]  In his Response to GNC's motion for clarification, Pittman explains that here he complains of rescission of his alleged promotion resulting from his advocacy to Dowd of Demeke's promotion.  Because GNC did not move for summary judgment on this basis, this claim does not "overlap with [Pittman's] retaliation claims that are defeated by GNC's summary judgment motion."[19]  The Court wrote that "subject to clarification by the parties in the Joint Pretrial Order, it appears that Pittman's claim that GNC rescinded his promotion

---

[15]     (...continued)
          any actionable "relationship."  *Id.* at 46.  Finally, to the extent Pittman claimed that his advocacy *per se* for Demeke's rights was protected under Title VII or § 1981, regardless of the "association" element, this theory was functionally identical to the first alternative above and thus would be governed by the same rulings.  *Id.* at 47.

[16]     Plaintiffs' Response, at 9.

[17]     Summary Judgment Order, at 36 n.84.

[18]     *See* Summary Judgment Order, at 36 n.84.

[19]     *Id.* at 47.

in September/October 2003 because of his association through advocacy of Demeke's rights may continue."[20]  Such a claim is not legally cognizable as a discrimination claim, which typically are based on an immutable characteristic of the plaintiff, as compared to "retaliation" claims which typically stem from a plaintiff's conduct.  *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 311 (5th Cir. 2004) ("Title VII . . . prohibits discrimination 'because of' a protected characteristic.") (citing 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin.")).[21]  This claim, which the Court indicated was not defeated at summary judgment, is only cognizable as a retaliation claim.  Pittman may therefore pursue a retaliation claim for "rescission of promotion" because he asserted the theory in the Amended Complaint and advanced the comparable theory in his complaint under the "associational discrimination" theory.  Any differences between the two claims are ones without any legal distinction.

## IV.   **CONCLUSION**

GNC's contention that the Court failed to fully consider its summary judgment arguments is unavailing.  Even though GNC has articulated a non-retaliatory rationale for giving Pittman poor evaluations, there are material questions of fact going to Pittman's *prima facie* case and to whether that rationale is pretextual.  Those questions must be resolved by

---

[20]     Summary Judgment Order, at 45-46 n.108.

[21]     Pittman's "associational discrimination" theory was explicitly asserted under Title VII.  *See* Amended Complaint, at 6, ¶¶ 14-15.

a jury, at trial.  Any further clarification parties require will be given in court during pretrial proceedings or during trial outside the jury's presence.  It is therefore

ORDERED that Defendant's Motion for Reconsideration and Clarification [Doc. # 125] is **GRANTED in part as set forth herein and otherwise DENIED**.

SIGNED at Houston, Texas, this **2<u>nd</u>** day of **May, 2007**.

Nancy F. Atlas
United States District Judge